ARTCURIAL, S.A., Plaintiff,

v.

Chester LOWENTHAL, Esq., and Hand–In–Hand Galleries Ltd., Defendants.

No. 89 Civ. 6409 (RO).

United States District Court, S.D. New York.

May 20, 1991.

LeBoeuf, Lamb, Leiby & MacRae, New York City (Ellen August, of counsel), for plaintiff.

John B. Koegel, New York City (Norman H. Zivin, of counsel), for defendants.

## MEMORANDUM AND ORDER

OWEN, District Judge:

This lawsuit arises out of plaintiff Artcurial's purchase of a painting from defendant Chester Lowenthal, an art dealer and owner of Hand-in-Hand Galleries Ltd. in New York. Artcurial, a French corporation, paid Lowenthal $180,000 for a painting that Lowenthal represented to be an authentic work by the deceased Spanish painter Manolo Millares. Shortly after plaintiff took possession of the painting and shipped it to France, it became aware that the painting was not an authentic Millares. Plaintiff also learned that in fact Mr. Lowenthal had purchased the painting two months earlier for only $2200 and therefore knew that the painting was not an authentic Millares. Plaintiff commenced this action to recover the purchase price of the painting and punitive damages for the fraud perpetrated by the defendant.

Although trial of this matter was scheduled for Monday, May 20, 1991, a fact of which Mr. Lowenthal was made aware by his counsel, counsel for the defendants represented to the Court on the morning of trial that he has been unable to locate or communicate with Mr. Lowenthal for several months. As counsel represented that he was unable to present a defense in the absence of Mr. Lowenthal, a judgment of default was entered in favor of the plaintiff, and defense counsel's request to be relieved was granted, leaving only the matter of damages to be determined.

■ The matter of compensatory damages is plainly established and uncontroverted by reference to the amount that plaintiff paid for the painting, $180,000, plaintiff standing ready to return the painting upon payment of the judgment, or apply it against the judgment as appropriate. Plaintiff also seeks punitive damages in the amount of $200,000 for the fraud perpetrated by Mr. Lowenthal. Under the law of New York, which governs in this diversity action, an award of punitive damages is appropriate where "the defendant's conduct has constituted 'gross, wanton, or willful fraud or other morally culpable conduct' to an extreme degree." *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 371 (2d Cir.1988) (*citing Borkowski v. Borkowski*, 39 N.Y.2d 982, 387 N.Y. S.2d 233, 233, 355 N.E.2d 287 (1976)). Although the defendant's default enables the Court to accept as true all of the allegations in plaintiffs complaint, in light of plaintiff's application for punitive damages, a review of the documentary evidence submitted to me on this subject is appropriate.

That proof establishes that the painting sold by Mr. Lowenthal in fact is not an authentic Millares. Mr. Millares' widow, Elvireta Millares, and Juan Manual Bonet, Member of the International Association of Art Critics and the author of a comprehensive catalogue of Millares' works, both examined the painting and determined that it was not an original work. Their affidavits with respect to the authenticity of the painting are uncontroverted.

■ Furthermore, Mr. Lowenthal admitted in deposition testimony on April 4, 1990 that he paid "under $10,000" for the painting, and the evidence submitted by plaintiff that Mr. Lowenthal in fact paid $2200 for the painting only two months before he resold it to Artcurial is credible and uncontroverted. The conclusion that Mr. Lowenthal knew that the painting was a fake when he purchased it is inescapable, and therefore his representation to Artcurial that he was selling an original Millares was fraudulent. This conclusion is supported by Mr. Lowenthal's disappearance and consequent failure to defend.

Upon all of these circumstances, I conclude that an award of punitive damages is appropriate in this case. The evidence before me reveals that Mr. Lowenthal acted in gross disregard of his contractual obligations toward Artcurial, and he breached the duty of trust between himself as one who held himself out as an art dealer and his purchaser. 861 F.2d at 372. Accordingly, I deem it appropriate to award damages beyond simply the amount that defendant swindled out of Artcurial in order to

"warn the defendant and others not to engage in similar conduct...." 861 F.2d at 373. Bearing these considerations in mind, I find an award in the amount of $100,000 in punitive damages to be appropriate. I observe in this regard that Mr. Lowenthal's default does not in any way bear upon this inquiry, as he was on notice of plaintiff's claim for punitive damages in the complaint, he is an attorney duly admitted to practice law in the State of New York and he was represented by able counsel throughout this litigation.

Accordingly, plaintiff may submit a judgment in the amount of $180,000 for compensatory damages, $100,000 in punitive damages, together with costs and disbursements to be taxed by the Clerk. So ordered.